IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, |
| v. |
| McLANE FOODSERVICE, INC. |
| Defendant. |

CIVIL ACTION NO.

**C O M P L A I N T**

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Cedric Franklin, who was adversely affected by such practices.  As alleged with greater particularity in paragraph 11 below, Plaintiff Equal Employment Opportunity Commission alleges Defendant McLane Foodservice, Inc. failed to hire Mr. Franklin because of a disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This is an action authorized and instituted pursuant to § 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3)  and pursuant to Section 102 of the

Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant McLane Foodservice, Inc. (Defendant Employer), a foodservice supply chain providing service deliveries to fast-food chain restaurants, was doing business in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce under § 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Cedric Franklin

filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8. The Commission found reasonable cause to believe the charge was true, and endeavored to eliminate the discriminatory practice through informal methods of conference, conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least December 2009, Defendant Employer engaged in an unlawful employment practices at its Memphis, Tennessee facility in violation of § 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a).

11. The unlawful employment practices includes failing to hire Mr. Franklin because Defendant Employer regarded him as having a disability because of his heat stroke, renal failure, and hypertension, and because Mr. Franklin had a record of a disability.

   a. Defendant Employer is a foodservice supplier to fast-food chain restaurants. Defendant Employer has a facility in Memphis, Tennessee and over 18 distribution centers nationwide.

   b. Defendant Employer hired Mr. Franklin as a Driver Helper at the Memphis facility around October 2006.

   c. Defendant Employer promoted Mr. Franklin to the Driver position around February 2008.

   d. Around May 20, 2009, Mr. Franklin suffered a heat stroke while working his delivery route and was transported to the emergency room for medical

      treatment.

e.    Mr. Franklin was diagnosed with acute renal failure and hypertension.

f.    Mr. Franklin advised his supervisor Ann M. Keeley about his medical condition who in turn reported his medical condition to the Transportation Manager, Human Resources Manager, and General Manager.

g.    From around May 22, 2009 until June 17, 2009, Mr. Franklin took personal leave and short-term disability due to his medical condition.

h.    Mr. Franklin submitted his medical paperwork directly to the Human Resources Manager.

i.    Around June 18, 2009, Mr. Franklin's physician released him to return to work without any restrictions.

j.    Mr. Franklin resigned his employment several days later due to his belief that he was physically too weak to perform the job in the summer weather despite being released to full duty by his physician.

k.    Defendant Employer told Mr. Franklin to reapply within six months to a year and it would rehire him.

l.    Commencing in December 2009 and through June 2011, Mr. Franklin reapplied for Driver positions.

m.    Mr. Franklin was qualified to work as a Driver as he had successfully worked as a Driver before and after his applications.

n.    Defendant Employer did not contact Mr. Franklin for an interview with respect to any of his applications.

o.    Between March 2011 and April 2011, Defendant Employer hired seven

individuals for the Driver position.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Mr. Franklin of equal employment opportunities and otherwise adversely affect his status as a prospective employee because Defendant Employer perceived him to have an impairment due to his heat stroke, renal failure, and hypertension, and because Mr. Franklin had a record of such impairment.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of Mr. Franklin.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from failing or refusing to hire an employee because of a disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mr. Franklin, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment

practices including, but not limited to, hiring Mr. Franklin, or alternatively awarding him front pay; reimbursing his out of pocket medical expenses; and supplementing his lost 401(k) contributions.

D. Order Defendant Employer to make whole Mr. Franklin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, including the cost of replacement medical insurance and retirement benefits, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mr. Franklin by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 11 above, including emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Employers to pay Mr. Franklin punitive damages for its malicious and reckless conduct, as described in paragraph 11 above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

s/ Gerald L. Thornton
**GERALD L. THORNTON**
Supervisory Trial Attorney
Tennessee Bar No. 015898

s/ Kelley Thomas
**KELLEY THOMAS**
Trial Attorney
Tennessee Bar No. 023926

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0099